UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| NORTHSIDE TOWING L L C | CIVIL ACTION NO. 09-2134 |
| VERSUS | U.S. DISTRICT JUDGE JAMES T. TRIMBLE JR. |
| ALMAGUER WHOLESALE | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

**ORDER DENYING REMAND AND ORDERING CONSOLIDATION**

Before the court is a motion to remand, doc. #8.

This is a suit on open account by a towing company to recover for towing and storing an eighteen wheeler following an accident. Suit was filed in City Court and was removed to this court by a defendant on the basis of the Carmack Amendment.

Plaintiff argues that this case has nothing whatsoever to do with damage to cargo in interstate commerce and, thus, should be remanded. Defendant asserts that the issues in this case are related to those in 09-1599 on the docket of this court. In the latter case, the shipper, Mountain Movers seeks recovery for the loss of the cargo. It suggests that the two cases should be consolidated for resolution of all of the issues.

Discussion

The liability of a carrier for damage or loss to an interstate shipment is controlled by the Interstate Commerce Act. The Carmack Amendment to the Act, 49 U.S.C. 17706, imposes liability on carriers for actual loss to goods it transports unless it can

demonstrate that the damage to the goods was caused by "(a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods." Missouri Pacific Railroad Co. v. Elmore & Stahl, 84 S. Ct. 1142 (1964). In order to establish a prima facie case for loss or damage to goods arising from the interstate transportation of those goods by a common carrier, the shipper must demonstrate: (1) delivery of the goods in good condition, (2) receipt by the consignee of less goods or of damaged goods, and (3) the amount of damages. Hoskins v. Bekins Van Lines, 343 F.3d 769 (5th Cir. 2003).

The Mountain Movers case (09-1599) is properly before this court pursuant to the Carmack Amendment. Were it not for the existence of that suit, the instant suit would be a simple suit on open account and would not be governed by the Carmack Amendment. However, it appears that in this suit Northside wants to be paid for its services before releasing the vehicle and load and in the other case Mountain Movers wants to recover for the "lost" load. Obviously there may be equities each way and a setoff may be involved. Therefore, the two cases should be consolidated. This court will then exercise supplemental jurisdiction over Northside's claims in this suit.

For these reasons, the motion to remand, doc. #8, is DENIED. This case is ORDERED CONSOLIDATED with 09-1599, Mountain Movers Transportation and Logistics, LP v. Continental Trans Express,

2

Inc., et al, for all purposes.

THUS DONE AND SIGNED at Alexandria, Louisiana, THIS 8TH DAY OF February, 2010.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE